UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| Dakotans for Health,<br><br>     Plaintiff,<br><br>vs.<br><br>South Dakota Governor Kristi L. Noem, in her official capacity, South Dakota Attorney General Jason Ravnsborg, in his official capacity, and South Dakota Secretary of State Steve Barnett, in his official capacity,<br><br>     Defendants. | 4:21-CV-4045-LLP<br><br><br>ORDER DENYING MOTION TO STAY |

On June 14, 2021, this Court issued an Order granting Plaintiff's motion for a preliminary injunction. (Doc. 30.) Judgment was entered in favor of Plaintiff. (Doc. 31.) Defendants filed a Notice of Appeal of the Order and Judgment on June 24, 2021. (Doc. 32.) Defendants also filed a motion seeking a stay of the Order and Judgment pending appeal. (Doc. 33.) Plaintiff opposes a stay. (Doc. 39.) For the following reasons the motion to stay is denied.

## DISCUSSION

Federal Rule of Civil Procedure 62(d), titled "Injunction Pending an Appeal," states that: "While an appeal is pending from an interlocutory order or final judgment that grants, continues, modifies, refuses, dissolves, or refuses to dissolve or modify an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights." Fed. R. Civ. P. 62(d). The plain language of Rule 62(d) indicates that the Court may stay an injunction pending appeal. *See Dakota, Minnesota & E. R.R. Corp. v. Schieffer*, 742 F. Supp. 2d 1055, 1060 (D.S.D. 2010) (finding that "Rule 62 permits courts to order a stay, pending appeal, of an interlocutory or final judgment in an action for an injunction."). The rule " 'codifies the inherent power of courts to make whatever order is deemed necessary to preserve the status quo and to ensure the effectiveness of the eventual judgment.' " *Knutson v. AG Processing, Inc.*, 302 F. Supp. 2d 1023, 1033 (N.D. Iowa 2004) (quoting 11 Charles Alan Wright et al., *Federal*

*Practice and Procedure* § 2904 (2d ed. 2012)); *see also Pettway v. Am. Cast Iron Pipe Co.*, 411 F.2d 998, 1003 (5th Cir. 1969) (finding that Rule 62(c) "is expressive of the power in the courts to preserve the status quo pending appeal."); *North Cent. Truck Lines, Inc. v. United States*, 384 F.Supp. 1188, 1190 (W.D. Mo. 1974) ("Rule 62(c) specifically provides that the determination to grant or deny relief, as requested in the case at bar, is a matter directed to the discretion of the Court.").[1] "A district court may, therefore, proceed as provided by such rule without leave of the court of appeals to grant or stay an injunction pending an appeal." 30 Am. Jur. 2d *Executions and Enforcement of Judgments* § 41 (2021).

> A four-part test governs stays pending appeal:
>
> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). "The applicant bears the burden of establishing the propriety of a stay." *SAGE v. Osseo Area Schools*, 2006 WL 890754, at *1 (D. Minn. 2006) (citing *Reserve Mining Co. v. United States*, 498 F.2d 1072, 1076 (8th Cir. 1974)). If a stay is granted, a court may do so "on terms for bond or other terms that secure the opposing party's rights." Fed. R. Civ. P. 62(d).

In considering requests for a stay pending an appeal, courts "maintain[ ] a flexible approach when applying the [ ] factors and balancing the equities between the parties." *Walker v. Lockhart*, 678 F.2d 68, 70 (8th Cir. 1982); *see also Hilton*, 481 U.S. at 777 ("Since the traditional stay factors contemplate individualized judgments in each case, the formula cannot be reduced to a set of rigid rules."); *Brady v. Nat'l Football League*, 640 F.3d 785, 789 (8th Cir. 2011) (finding that "[u]ltimately, [courts] must consider the relative strength of the four factors, balancing them all") (internal quotations omitted). Applying the four factors in the present case, the Court concludes that a stay will not be granted.

---

[1] Prior to 2018, courts cited to subdivision (c) of Rule 62, but Rule 62 was amended in 2018 with "[t]he provisions for staying an injunction" being "reorganized . . . in new subdivision[ ] . . . (d)." Fed. R. Civ. P. 62 Committee Notes on Rules – 2018 Amendments. "There [was] no change in meaning" because of the reorganization. *Id.*

1. *Likelihood of success on the merits*

The first factor that courts consider when ruling on a motion for a stay pending appeal is the likelihood of the movant's success on the merits. *Hilton*, 481 U.S. at 776. Defendants have not made a strong showing that they are likely to succeed on the appeal. In support of their motion to stay, Defendants renew their arguments that SB 180's disclosure requirements for paid circulators pass constitutional muster. Nothing presented in the motion to stay persuades the Court to reconsider its conclusion that the provisions of SB 180 unnecessarily burden free speech, and that they are not substantially related to the State's interest. Thus, the Court concludes that Defendants are not likely to succeed on appeal.

2. *Threat of irreparable harm to the State*

The next factor that a court must consider is whether the applicant will suffer irreparable injury absent a stay. *Hilton*, 481 U.S. at 776. "In order to demonstrate irreparable harm, a party must show that the harm is certain and great and of such imminence that there is a clear and present need for equitable relief." *Iowa Utils. Bd. v. F.C.C.*, 109 F.3d 418, 425 (8th Cir. 1996) (citing *Packard Elevator v. I.C.C.*, 782 F.2d 112, 115 (8th Cir. 1986)).

Here, the State argues that absent a stay, it will suffer irreparable harm. In support of its position, the State asserts:

> Without a stay, the State must allow paid circulators to circulate petitions for signatures without first registering and providing their contact information to the Secretary of State. All ballot initiatives seeking inclusion on the 2022 general election ballot could be compromised without any recourse on behalf of the voters of South Dakota. According to the Secretary of State's website, there are four potential 2022 ballot measures with petitions circulating that are affected by the Court's judgment. Potential 2022 Ballot Questions, SOUTH DAKOTA SECRETARY OF STATE, https://sdsos.gov/elections-voting/upcoming-elections/general-information/2022- ballot-questions.aspx (last visited June 21, 2021). The deadline for filing petitions is November 8, 2021. The State's appeal is unlikely to be decided before then, so the Court's judgment disrupts the status quo for the next election cycle. The Court's judgment will preclude the State "from applying its duly enacted legislation regarding election procedures." *Org. for Black Struggle*, 978 F.3d at 609. This constitutes irreparable harm unless the legislation is unconstitutional. *Id.* "Prohibiting the State from enforcing a statute properly passed as part of its broad authority to regulate elections, particularly where the State has shown a strong likelihood that the statute is not constitutionally infirm, would irreparably harm the State." *Id.* (internal citation omitted).

(Doc. 34, pp. 5-6.)

In response, Plaintiff argues that enjoining SB 180 until the State's appeal is decided does not irreparably harm the State's interest in fair elections when "there is no evidence there has ever in South Dakota history been an unfair election that was not detected by existing means." (Doc. 39, p. 11.)

The Supreme Court has noted that a State is irreparably harmed by being unable to enforce a statute "unless that statute is unconstitutional." *Abbott v. Perez*, 138 S. Ct. 2305, 2324 (2018). As stated above, this Court concluded that Plaintiff is likely to prevail on its claim that the provisions of SB 180 unnecessarily burden free speech, and that they are not substantially related to the State's interest in fair elections. The Court therefore declines to find that the State will be irreparably harmed if it cannot enforce what is likely to be found to be an unconstitutional regulation of paid petition circulators. Further, the Court finds the State's claim of irreparable harm to be overstated. Current procedures have dealt appropriately with any of the few irregularities in South Dakota elections.

### 3. *Harm to Dakotans for Health if a stay is issued*

The third factor this Court must consider is whether the issuance of a stay will substantially injure Plaintiff. *Hilton*, 481 U.S. at 776. The Court concluded in its Order granting the preliminary injunction that Plaintiff will likely be irreparably harmed if the State is allowed to enforce SB 180. The number of signatures to place a constitutional amendment to expand Medicaid on the 2022 ballot is significantly higher than the number of signatures required to place an initiated measure on the ballot. That higher hurdle makes Plaintiff's harm more probable. The State has not demonstrated that Plaintiff will not be harmed by a stay of the injunction. *See Kansas City Royals Baseball Corp. v. Major League Baseball Players Ass'n*, 409 F. Supp. 233, 268 (W.D. Mo. 1976) (burden rests on party seeking stay to establish stay would not harm any other party), *aff'd*, 532 F.2d 615 (8th Cir. 1976). This factor weighs against a stay pending appeal.

### 4. *The public interest*

As a final condition, a Rule 62 movant must make an appropriate showing that a stay would do no harm to the public interest. *Hilton*, 481 U.S. at 776; *Kansas City Royals*, 409 F. Supp. at 269. Here, the State argues that "the public has a strong interest in enforcement of constitutionally valid election laws," and "the public interest favors preserving the integrity of the electoral process and orderly election administration." (Doc. 34, p. 7) (internal quotations and citations omitted).

In response, Plaintiff argues that because this Court found the public interest favors a preliminary injunction, then the public interest also favors denying a stay.

When it determined that the public interest favored a preliminary injunction against enforcement of SB 180, this Court held:

> On one hand, the public has an interest in the regulation of constitutional amendment and statutory petitions and in protecting the integrity of the process. Those interests are currently well-protected. As compared to the new restrictions in SB 180, the public has a greater interest in protecting the First Amendment right to freedom of speech.

(Doc. 30, p. 27.) The State has not demonstrated that the public interest lies in favor of staying the preliminary injunction pending appeal. Instead, the public interest favors the continuation of the preliminary injunction.

## CONCLUSION

After considering all four of the relevant factors, the Court concludes that they weigh against staying this Court's Order granting Plaintiff's motion for a preliminary injunction. Accordingly,

**IT IS ORDERED** that the Motion to Stay, Doc. 33, is denied.

Dated this 16th day of August, 2021.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN

5