UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| DAKOTANS FOR HEALTH, | 4:21-CV-04045-KES |
| Plaintiff, | |
| vs. | ORDER HOLDING CASE IN ABEYANCE |
| SOUTH DAKOTA GOVERNOR KRISTI L. NOEM, in her official capacity, ATTORNEY GENERAL MARTY JACKLEY, in his official capacity, and SOUTH DAKOTA SECRETARY OF STATE MONAE L. JOHNSON, in her official capacity,[1] | |
| Defendants. | |

On June 18, 2024, plaintiff, Dakotans for Health, moved for an "order enforcing this Court's Judgment and permanent injunction of January 10, 2023[.]" Docket 65 at 1. Plaintiff argues that South Dakota State Representative Jon Hansen, Life Defense Fund, and Leslee Unruh (collectively, potential defendants) brought a suit in South Dakota state court that threatens this court's previous judgment and permanent injunction. *Id.* at 1-2. In response to a court order for briefing, the potential defendants in this matter object to the issuance of any injunction. Docket 76.

---

[1] The court automatically substitutes Marty Jackley for Jason Ravnsborg as attorney general and Monae Johnson for Steve Barnett as secretary of state under Federal Rule of Civil Procedure 25(d).

## BACKGROUND

### I.   Previous Litigation in this Matter

The motion currently before the court concerns the judgment and injunction issued in this matter that prohibits enforcement of Senate Bill 180 (SB 180). *See* Dockets 30-31, 64. SB 180 prescribed requirements for petition circulators in the state of South Dakota, and was the latest in a line of legislative attempts to regulate petition circulators.

The relevant history begins with SDCL §§ 2-1-1.4, 2-1-1.3, 12-1-3, and 12-1-4 (2018 HB 1196). Section 2-1-1.4 required that each petition circulator gathering signatures must file a sworn statement with the secretary of state attesting to residency and various personal information. Specifically, § 2-1-1.4 required petition circulators to attest to: (1) the state in which the petitioner is licensed to drive, along with driver's license number and expiration date; (2) current state of voter registration; (3) length of residency at current address and previous two addresses; (4) a sworn intention to remain in the state after the petition circulator deadline; (5) any other information relevant to residency, including a library card or utility bill; (6) whether the petition circulator pays tuition at any in-state public, post-secondary institution; and (7) whether the petition circulator obtains any resident hunting or fishing license. Sections 2-1-1.3 and 12-1-3 provide the definitions of petition circulator and other relevant terms.

The 2019 South Dakota legislature repealed SDCL § 2-1-1.4 and implemented new petition circulator requirements in House Bill 1094 (HB

1094). After HB 1094 passed in the 2019 legislature, SD Voice brought a suit to enjoin enforcement of the law. *See SD Voice v. Noem*, 432 F.Supp.3d 991, 994 (D.S.D. 2020). The district court found provisions of HB 1094 to be unconstitutional, [2] but not severable, and enjoined enforcement of the entire law. *Id.* at 1002-03. Both parties to the suit appealed the decision, but before the Eighth Circuit could rule on the matter, the question was rendered moot by the passage of SB 180. *See SD Voice v. Noem*, 987 F.3d 1186, 1188, 1190 (8th Cir. 2021).

In response to the passage of SB 180, the above-entitled matter was filed to challenge its requirements. *See* Docket 1. This court found that provisions of SB 180 were unconstitutional and issued a preliminary injunction against its enforcement. *See* Dockets 30-31. Eventually, a permanent injunction was entered prohibiting enforcement of SB 180. *See* Docket 64. Relevant to the current motion, SB 180 contained a requirement that a petition circulator file an affidavit "stating that the documents filed constitute the entire petition and to the best knowledge of the sponsors contain a sufficient number of signatures[.]" SB 180. And SB 180 eliminated the petition circulator affidavit

---

[2] Although the district court enjoined enforcement of the 2019 law, the South Dakota codified laws reflect that the 2019 law repealed SDCL § 2-1-1.4 *See* Jonathan F. Mitchell, *The Writ-of-Erasure Fallacy*, 104 Va. L. Rev 933, 934-36 (2018) (explaining that a statute "continues to exist, even after a court opines that it violates the Constitution, and it remains a law until it is repealed by the legislature that enacted it"). Consistent with this article, SDCL § 2-1-1.4 is noted as being repealed and is not included in the current South Dakota codified laws.

required under SCL § 2-1-1.4. Even though these burdens were less than those of HB 1196, this court previously enjoined enforcement of SB 180.

## II.     Procedural Background

The dispute currently before the court arises from litigation in the South Dakota state courts. *See* Docket 67. Potential defendants filed an action in state court against Dakotans for Health seeking a declaratory judgment that "An Initiated Amendment Establishing a Right to Abortion in the State Constitution is disqualified and/or has not been validly submitted pursuant to South Dakota law[.]" Docket 66-2 at 17 (internal quotations omitted). Potential defendants also request judgment that the Secretary of State not place the ballot initiative on the general election ballot for the November 5, 2024 election. *Id.* Although potential defendants seek a judgment directing the Secretary of State to take certain actions, the state court complaint does not name the Secretary of State as a party to the action. *See generally id.*

Dakotans for Health argue that the state court litigation threatens to undermine this court's previous holding that SB 180 was unconstitutional and its entry of a permanent injunction enjoining the Secretary of State and others from enforcing all of SB 180. *See* Docket 65. Dakotans for Health ask this court to now enjoin potential defendants from pursuing the state court suit. *Id.* But because potential defendants are not parties to this action, Dakotans for Health first asks this court to join Hansen, Life Defense Fund, and Unruh as defendants and then to enjoin them from "attempting to obtain a state court order . . . to enforce the petition circulator residency requirement[.]" *Id.* On

June 24, 2024, this court requested further briefing from the plaintiff and from potential defendants. Docket 70. Both parties responded, with potential defendants objecting to both their joinder in this suit and to the issuance of any injunction.

## LEGAL STANDARD

The power of the federal court to enjoin a state action is governed by the Anti-Injunction Act, which states in relevant part that:

> A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

28 U.S.C. § 2283; *see also In re SDDS, Inc.*, 97 F.3d 1030, 1036 (8th Cir. 1996) (describing the Anti-Injunction Act as "[e]mbodying the precepts of federalism and comity between federal and state courts[]"). At issue in this matter is the exception allowing an injunction "to protect or effectuate [federal court] judgments," sometimes called the relitigation exception. 28 U.S.C. § 2283. "As with all of the statutory exceptions, the relitigation exception is 'narrow and [is] not to be enlarged by loose statutory construction.' " *In re SDDS, Inc.*, 97 F.3d at 1036 (quoting *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 146 (1988)).

## DISCUSSION

Dakotans for Health argue that an injunction is appropriate in this case because the potential defendants are seeking a "state court order to [South Dakota State] Secretary Johnson to do what the [federal] permanent injunction forbids her from doing[.]" Docket 75 at 7. Specifically, Dakotans for Health contend that enforcing a residency and affidavit requirement for petition

circulators violates this court's injunction and, therefore, must be prohibited. *See* Docket 67 at 11-12. In support of this argument, Dakotans for Health cite a variety of cases in which federal courts acted under the Anti-Injunction Act to enjoin state courts from altering a federal judgment. *See* Docket 67 at 15-21; *see also Thomason v. Cooper*, 254 F.2d 808, 808, 810 (8th Cir. 1958) (affirming district court's order enjoining state court order barring federally ordered integration of schools); *Swann v. Charlotte-Mecklenburg Board of Education*, 501 F.2d 383, 383-84 (4th Cir. 1974) (affirming district court's order enjoining state case seeking to bar federally ordered integration of schools); *Doe v. Ceci*, 517 F.2d 1203, 1204 (7th Cir. 1975) (affirming district court's order enjoining state order barring funding for abortion procedures that the federal court found permissible); *United States v. District of Columbia*, 654 F.2d 802, 803 (D.C. Cir. 1981) (affirming district court's order enjoining state case seeking to bar federally approved funding of sludge disposal site); *Battle v. Liberty Nat'l Life Ins. Co.*, 877 F.2d 877 (11th Cir. 1989) (affirming district court's order enjoining post-judgment relitigation of federal antitrust claims); *United States v. Alpine Land & Reservoir Co.*, 174 F.3d 1007, 1009 (9th Cir. 1999) (affirming district court's order enjoining state court from relitigating over water rights issue).

Potential defendants agree that enforcement of SB 180 has been enjoined by this court's previous order, but argue that they do not seek to enforce the 30-day residency requirement and instead seek to enforce the residency and affidavit requirement previously codified at § 2-1-1.4. *See* Docket 76 at 4. They

argue that SB 180 would have repealed and replaced this residency and affidavit requirement, but that because SB 180 was enjoined, § 2-1-1.4 is still in force and requires "that petition circulators be South Dakota residents [and] that residency affidavits must be filed." *See id.* In response, Dakotans for Health contend that even if § 2-1-1.4 is still in effect, a state court requiring enforcement of its provisions would necessarily infringe on this court's previous order finding SB 180 unconstitutional because the § 2-1-1.4 requirements are "significantly more burdensome." Docket 80 at 5-6. For example, the combination of § 2-1-1.1 and § 2-1-1.4 from HB 1196 requires a petition circulator to file an affidavit listing personal information such as: driver's license number and expiration date, information about the circulator's last three addresses, any hunting or fishing licenses, and *any* other relevant information about residency. But SB 180 does not.

As an initial matter, the court notes that the issuance of an injunction against state court action is a discretionary power rarely used by the federal courts. *See Daewoo Elecs. Copr. Of Am., Inc. v. W. Auto Supply Co.*, 975 F.2d 474, 478 (8th Cir. 1992) ("The fact that an injunction may issue under the Anti-Injunction act does not mean that it must issue.") The Eighth Circuit has counseled that "as a general rule[,] courts of equity, in the exercise of their discretionary powers, should refuse to interfere with or embarrass state court proceedings except in extraordinary cases where the threat of harm is severe and imminent." *Id.* In reviewing the available caselaw, district courts commonly use this discretion in one of two circumstances. First, when the state court has

already issued a ruling contradicting a federal court order. *See Thomason*, 254 F.2d 808, 810; *Ceci*, 517 F.2d at 1204-05; *see also Wallace v. Powell*, 2010 WL 2367672 (M.D. Pa. June 9, 2010) (noting the "apparent conflict between this court's scheduling order to preserve and the state court expungement orders to destroy the same evidence). And second, when the state court litigation exists solely to undermine a previous federal holding. *Compare Swann*, 501 F.2d 383 *with Dominium Mgmt. Serv., Inc. v. Nationwide Housing Grp.*, 3 F.Supp.2d 1067, 1072 (D. Minn. 1998) (declining to enjoin state court proceeding when subject of litigation touched upon but exceeded questions already decided by the federal court).

In the instant case, the state court has not already issued a ruling on the enforceability of what was previously codified as SDCL §§ 2-1-1.1 and 2-1-1.4, as set forth in HB 1196. *See Life Defense Fund v. Dakotans for Health*, 49CIV24 (S.D. 2d Cir. Minnehaha Cnty., June 13, 2024). And the state court litigation implicates numerous questions of law, some seemingly outside the scope of this court's previous holding. *See* Docket 66-2 at 12-14 (contesting validity of petition signatures). Thus, because the state court's decision in this matter may not, in the end, undermine federal jurisdiction, this court in its discretion declines to issue an injunction at this time. But the court will hold this matter in abeyance until the state court issues a ruling as to the enforceability of what was previously codified as SDCL §§ 2-1-1.1 and 2-1-1.4, as set forth in HB

1196. If the state court ruling contradicts a federal court order, this court will consider the issue at that time.

## CONCLUSION

It is

ORDERED that the motion for an injunction against potential defendants in this matter (Docket 65) is held in abeyance until the state court issues a ruling on the enforceability of what was previously codified as SDCL §§ 2-1-1.1 and 2-1-1.4, as set forth in HB 1196.

Dated July 5, 2024.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE

9